## HENRY MERRIWEATHER, appellant, *v.* CHARLES GREGORY, appellee.

### *Appeal from Greene.*

In an action of *debt*, where the plea of *nil debet* was filed together with two special pleas, and upon the sustaining of the demurrer to the special pleas, judgment was given for the plaintiff, without noticing the plea of *nil debet: Held*, that the judgment was erroneous, and should be reversed, and the cause remanded, with directions to the plaintiff to take issue upon said plea.

To an action upon a promissory note, by the assignee, against the maker, the defendant pleaded two special pleas in bar: 1. That the note was given in consideration of a pretended sale of a tract of land to the defendant, by the payee of the note, who alleged at the time the note was given, that he was the rightful owner of the said land, and had a clear and perfect title to the same, whereas, in fact, said payee had no title to said land or right to sell it; and that the assignee had notice of these facts at the time the note was transferred to him.

2. That the said note was executed under the following circumstances. The payee of said note represented to the defendant, that he and one Smith jointly owned a steam mill and three acres of land on which said mill was erected, and that a good and perfect title in fee simple to said property was vested in said Smith, and that they had full power and authority to sell and convey the same, and that if the defendant would execute the said note, the payee would cause a good and perfect title to said property to be vested in the defendant, upon his executing the note; and that relying upon said promises and representations, and in consideration thereof, he made said note. That said payee did not cause said title to be made to the defendant, nor did he and said Smith jointly own said mill and lands, nor had they good right and authority to sell and convey the same, nor had said Smith any title to said property; and the plaintiff well knew said note was executed for the consideration aforesaid, at the time said note was assigned to him: *Held*, that these pleas were bad, because, from them, it was uncertain whether the land was or was not conveyed to the defendant; and that the pleas were double.

THIS was an action of *debt* by petition and summons. The two special pleas filed by the defendant in the Court below, were as follows :

" And the said defendant comes and defends the wrong and injury, when, &c., and for further plea in this behalf, says, that plaintiff his action aforesaid to have and maintain ought not, be-

cause, he says, that said note in plaintiff's petition mentioned, was given for and in consideration of a pretended sale made by one Edward D. Baker, the payee of said note, to defendant for —————— acres of land, situated in Greene county, on which was built and erected a steam mill, and being part of —————————— he the said Baker then and there alleging that he was the rightful owner of the lot of land aforesaid, and that he had good right and authority to sell and convey the same to defendant, and that he had a clear and perfect title to the same ; whereas, in truth and fact, defendant alleges that said Baker at the time of the making the note aforesaid, and at the time of making the said false representations, was not the rightful owner of said tract of land, nor had he good right or authority to sell and convey said lot of land, nor had he a clear and perfect title to the same, nor had the said Baker any title whatever to said tract of land.

" And defendant avers that, that said note was given for the consideration aforesaid, and for no other whatever.

" And said defendant avers that said plaintiff, Gregory, at the time of the assignment of said note by said Baker to him, well knew that said note was executed in consideration of said pretended sale, and that said Baker had no title whatever to said land ; wherefore defendant says that the consideration of said note has wholly failed ; all which he is ready to verify, wherefore he prays judgment, &c.                                              HARDIN, *pd.*"

" And for further plea in this behalf, defendant says plaintiff *actio. non,* because he says that the note in plaintiff's petition mentioned was executed under the following circumstances.

The said Baker, the payee of the note aforesaid, represented to this defendant, that he and one Samuel Smith jointly owned a steam mill and three acres of land on which said mill was erected in Greene County, Illinois ; that a good and perfect title in fee simple to said mill property, was vested in the said Samuel Smith, that they had good right and authority to sell and convey the same, and that if he, Merriweather, would execute the note aforesaid to said Baker, he, the said Baker, would cause a good and perfect title to said mill property to be vested in the said defendant, at and upon the making of the note aforesaid ; and the said defendant avers, that relying on the said representations of the said Baker, he made and executed the note aforesaid, for and in consideration of his said promise and undertaking, to have made to said defendant a good and perfect title for said land and for no other consideration whatever. Yet, said defendant further avers that said Baker, not regarding his said promise and undertaking, did not, at and upon the making of the note aforesaid, or at any time, cause a good and perfect title to said steam mill and the three acres

of land on which the same is erected to be made to the said defendant, nor had the said Smith a fee simple title to the same, nor did the said Smith and Baker jointly own said mill and three acres, nor had they good right and authority to sell and convey the same. But in fact and truth, the said Smith had no title whatever to said mill and three acres of land ; and said defendant avers that plaintiff well knew that said note was made and executed by defendant to Baker for the consideration aforesaid, at the time said note was assigned to him by said Baker ; wherefore he says, that the consideration of said note has wholly failed ; all which he is ready to verify, wherefore he prays judgment, &c.          HARDIN, *pd.*"

The other facts appear in the opinion of the Court.

The cause was heard at the August term, 1839, of the Greene Circuit Court, before the Hon. William Thomas. Judgment was rendered for the plaintiff for $466,62 1-2, debt and costs of suit. Merriweather appealed to this Court.

J. J. HARDIN, for the appellant.

S. T. LOGAN, for the appellee, contended, 1. That the plea of general issue was waived by the judgment by *nil dicit.* This is not like a judgment by default. The judgment by default is in the absence of the party, but here he was present ; his special pleas were disposed of on demurrer, and then he said nothing further by this, not insisting on his plea ; he virtually waived it.

2. The first special plea is bad, because, although it alleges a representation as to the title of the land sold, it does not allege any fraud, but is not inconsistent with a mistake of the vendor as to his title. Snyder *v.* Laframboise, Breese 268.

3. The second special plea is bad, among other reasons, because the note was assigned before it became due, and the notice to the assignee is of the consideration only, viz. what the consideration was, and not that he had notice of the failure of consideration.

SMITH, Justice, delivered the opinion of the Court :

This was an action of *debt* brought by Gregory against Merriweather, on an assigned promissory note — the note having been assigned before it became due. The defendant pleaded *nil debet* and two special pleas. The plaintiff below demurred in short, by consent, to the special pleas. The Court below sustained the demurrer, and without noticing the plea of *nil debet*, except that the record states, " that the defendant not further answering," gave judgment for the plaintiff below. The assignment of errors questions the correctness of rendering judgment on the demurrer, while the plea of *nil debet* was undisposed of, — and also alleges

that the Court erred in overruling the special pleas. The special pleas are clearly bad. It is entirely uncertain whether the land mentioned in these pleas was or was not conveyed to the defendant. The special pleas are also double. The Court consequently decided correctly in overruling them. It was however error to render judgment, on the demurrer, without disposing of the plea of *nil debet.* For this error the judgment, is reversed with costs, and the cause remanded to the Circuit Court of Greene county, with directions to require the plaintiff to take issue on the plea of *nil debet,* and try the cause on that issue.

*Judgment reversed.*